IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CRAIG L. CAMPBELL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:13-cv-1003-M-BN |
| | § | |
| EZEKIEL TYSON, JR., ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and an order of reference from the District Court. The undersigned magistrate judge issues the following findings of fact, conclusions of law, and recommendation:

**Background**

Craig L. Campbell, proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983, alleging that his criminal defense attorney, the Dallas County District Attorney, the judge presiding over his criminal assault case, and the Dallas County Sheriff are responsible for violating his rights to counsel and speedy trial. On March 7, 2013, Plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. *See* Dkt. Nos. 3 & 4. Because the information provided by Plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the Court granted leave to proceed *in forma pauperis*

and allowed the complaint to be filed. *See* Dkt. No. 6. Written interrogatories then were sent to Plaintiff in order to obtain additional information about the factual basis of this suit. *See* Dkt. No. 5. Plaintiff answered the interrogatories on March 27, 2013. *See* Dkt. No. 7.

In his complaint and interrogatory responses, Plaintiff generally accuses Ezekiel Tyson, Jr., who served as his criminal defense attorney in a felony assault case, of failing to visit him, ignoring his suffering, impeding his right to a speedy trial, and presuming his guilt. *See* Dkt. No. 3 at 3-4; Dkt. No. 7 at Question 4. He seeks to hold Sheriff Lupe Valdez, District Attorney Craig Watkins, and Judge Don Adams responsible for the violation of his speedy trial rights and the poor performance of his defense attorney. *See* Dkt. No. 3 at 3-4; Dkt. No 7 at Questions 5-7. He claims that Sheriff Valdez permitted his extended detention without trial and ignored his grievances. *See* Dkt. No. 7 at Question 5. District Attorney Watkins "allows the attorney[s] he appoints to represent poor defendants to ignore them and not help plan a defense prior to trial" in order to receive federal funds and force detainees to accept plea agreements or enter trial unprepared. *Id.* at Question 6. He states that Judge Adams allowed his criminal case to be reset repeatedly which resulted in a violation of Plaintiff's speedy trial rights. *See id.* at Question 7. By this lawsuit, Plaintiff seeks monetary damages and declaratory relief. *See* Dkt. No. 3 at 4; Dkt. No. 7 at Question 2.

The undersigned now determines that Plaintiff's claims should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

**Legal standards**

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

>    (i)    is frivolous or malicious;
>
>    (ii)   fails to state a claim on which relief may be granted; or
>
>    (iii)  seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679). The court must "accept all well-pleaded facts as true, viewing them in the light most favorable to" Plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007).

While, under Fed. R. Civ. P. 8(a)(2), a complaint need not contain detailed

factual allegations, Plaintiff must allege more than labels and conclusions, and, while a court must accept all of Plaintiff's allegations as true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *Id.*

## Analysis

Initially, Plaintiff cannot sue his defense attorney or the state judge for civil rights violations. Public defenders and private attorneys are not "state actors" and cannot be sued under 42 U.S.C. § 1983. *See Polk County v. Dodson,* 454 U.S. 312, 324-25 (1981) (holding that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"); *Mills v. Criminal Dist. Court No. 3,* 837 F.2d 677, 679 (5th Cir. 1988) (holding that "private attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983.").

Judges generally have absolute immunity for judicial actions taken within the scope of their jurisdiction. *See Stump v. Sparkman,* 435 U.S. 349, 356 (1978); *Davis v. Tarrant Cnty., Tex.*, 565 F.3d 214, 221-22 (5th Cir. 2009). "Judicial immunity can be overcome only by showing that the actions complained of were nonjudicial in nature or by showing that the actions were taken in the complete absence of all jurisdiction." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994). "A judge's acts are judicial in nature if they are normally performed by a judge and the parties affected dealt with the judge in his judicial capacity." *Id.* at 285 (internal quotation marks omitted). Plaintiff's only

specific allegations against Judge Adams are that he "violated [Plaintiff's] constitutional rights specifically by allowing [Plaintiff's] case to be reset on the Docket Sheet over and over until [Plaintiff's] 6thAmend[ment] Right to Speedy Trial was more than a year past due." Dkt. No. 7 at Question 7. Managing a court's docket is an act normally performed by a judge that is within the scope of his jurisdiction and authority. *See Jackson v. Tapscott*, No. 3:07-cv-1546-G, 2007 WL 4165711, at *2 (N.D. Tex. Nov. 26, 2007) ("Because Judge Tapscott was acting within the scope of his authority in communicating with the parties, managing his docket, and determining what orders to issue in the state civil action, he is entitled to absolute judicial immunity."). Because Plaintiff "does not complain of any actions taken by Judge [Adams] that were nonjudicial in nature," Plaintiff's "claims against Judge [Adams are] therefore properly dismissed with prejudice as frivolous." *Boyd*, 31 F.3d at 285.

Plaintiff has also failed to state a claim against Dallas County District Attorney Craig Watkins and Dallas County Sheriff Lupe Valdez. As supervisory officials, these defendants cannot be sued for civil rights violations unless they: (1) affirmatively participated in acts that caused a constitutional deprivation or (2) implemented unconstitutional policies that resulted in injury to plaintiff. *See Mouille v. City of Live Oak,* 977 F.2d 924, 929 (5th Cir. 1992). Plaintiff does not allege any personal involvement by Watkins or Valdez and has not identified an official policy or custom that resulted in the denial of his constitutional rights. *See* Dkt. No. 7 at Questions 5 & 6. Instead, he seeks to hold Valdez responsible for his pretrial delay and for ignoring his grievances. *See id.* at Question 5. He alleges that Watkins "is the official

policymaker," is responsible for the attorneys working in the Dallas County District Attorney's Office, and is somehow liable for the actions of defense counsel. *See id.* at Question 6. Neither of these defendants had any personal role in the length of Plaintiff's pretrial delay. They also cannot be held responsible under Section 1983 for the constitutional violations of their subordinates or for failing to take corrective action in response to grievances. *See Mitchell v. Valdez,* No. 3:07-cv-0036-B, 2007 WL 1228061, at *2 & n.1 (N.D. Tex. Apr. 25, 2007).

To the extent that Plaintiff alleges that he was wrongfully arrested, convicted, or imprisoned, *see* Dkt. No. 7 at Question 9, his claim is barred. In *Heck v. Humphrey,* the Supreme Court held that a state prisoner cannot bring a section 1983 action directly challenging his confinement unless and until the reason for his continued detention has been reversed on direct appeal, expunged by executive order, or otherwise declared invalid by a state tribunal or federal court. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Here, Plaintiff concedes that his felony assault conviction has not been reversed on appeal, expunged by executive order, or otherwise declared invalid. *See* Dkt. No. 7 at Questions 10-11.

For the same reason, any "claims that [Plaintiff's] defense counsel was constitutionally ineffective, ... his criminal charges are false, ... his right to counsel under the Fifth and Sixth Amendments was violated, and he was falsely incarcerated, will necessarily imply the invalidity of his criminal proceedings and are dismissed with prejudice for failure to state a claim until [Plaintiff] demonstrates that the criminal proceedings have been expunged, reversed on direct appeal or in habeas proceedings,

or declared invalid by state authorities as required by *Heck*." *Gill v. State of Tex.*, No. 5:03-cv-298-C, 2004 WL 852285, at *6 (N.D. Tex. Apr. 21, 2004). Accordingly, even if, for example, Plaintiff's attorney could come within the ambit of Section 1983 based on an alleged conspiracy with a state actor, Plaintiff's claims against his attorney – which amount to claims for ineffective assistance of counsel – "come within the ambit of *Heck* and are properly dismissed as frivolous." *Lawson v. Speetjens*, No. 94-60548, 42 F.3d 642, 1994 WL 708665, at *3 (5th Cir. Dec. 6, 1994); *accord Berry v. Grett*, No. 3:08-cv-1052-M, 2008 WL 3382572, at *3 (N.D. Tex. Aug. 4, 2008) (claims that plaintiff received ineffective assistance of counsel and was falsely arrested, that prosecutor withheld favorable evidence, and that judge was biased all barred by *Heck*).[1]

Further, his allegations against the defendants based on alleged violations of his Sixth Amendment speedy trial rights likewise must be dismissed as *Heck*-barred. *See Krause v. Leonard*, 352 F. App'x 933, 935 (5th Cir. 2009) ("Krause urges that – by keeping him in jail for almost two years awaiting trial on the Texas child pornography charges – the Texas authorities violated his Sixth Amendment right to a speedy trial. Subject to certain exceptions, *Heck v. Humphrey* directs lower federal courts to dismiss any § 1983 action that – if successful – would necessarily imply the invalidity of the claimant's criminal conviction. After waiting in jail, Krause stood trial for possessing

---

[1] Moreover, a Section 1983 civil rights action against Plaintiff's attorney and the district attorney is not the proper vehicle to challenge the effectiveness of his trial counsel and the sufficiency of the protections he received under the Sixth Amendment. *See Cobb v. Simmons*, 373 F. App'x 469, 471 (5th Cir. 2010); *Cook v. Tex. Dep't of Criminal Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir. 1994).

child pornography. A jury convicted him, and Krause is now serving the resultant nine-year prison sentence. A determination here in Krause's favor would necessarily implicate the invalidity of his otherwise unchallenged conviction, so *Heck* bars his speedy-trial claim." (footnotes omitted)). "A determination that [Plaintiff's] Sixth Amendment right to a speedy trial was violated would necessarily implicate the invalidity of his conviction, and [Plaintiff] has not shown that his conviction has been overturned or otherwise declared invalid." *Anderson v. Galveston Cnty. Dist. Clerk*, 91 F. App'x 925, 926 (5th Cir. 2004). So, too, would *Heck* bar any claim that Plaintiff's due process rights were violated before or during trial or that the defendants conspired to violate Plaintiff's constitutional rights in obtaining his state court conviction. *See Powell v. Curry*, 328 F. App'x 940, 941 (5th Cir. 2009); *Burton v. City of Ridgeland, Miss.*, 209 F. App'x 424 (5th Cir. 2006); *Wilkerson v. Brooke*, No. 3:11-cv-659-B, 2011 WL 1897833, at *2 (N.D. Tex. Apr 29, 2011), *rec. adopted*, 2011 WL 1899517 (N.D. Tex. May 18, 2011).

Accordingly, none of these claims may be brought at this time, and they should be dismissed as frivolous. *See Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) (*Heck*-barred claim is legally frivolous).

## Recommendation

The Court should summarily dismiss Plaintiff's lawsuit pursuant to 28 U.S.C. § 1915(e)(2).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these

findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 23, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE